**RUST BROADCASTING CO., Inc., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee,**

**Lester L. Sterling and William H. Patterson d/b as Flathead Valley Broadcasters, Intervenor.**

**No. 20533.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 1, 1967.

Decided May 31, 1967.

---

Mr. Stanley S. Neustadt, Washington, D.C., with whom Messrs. Marcus Cohn and Martin J. Gaynes, Washington, D.C., were on the brief, for appellant. Mr. Ronald A. Siegel, Washington, D.C., also entered an appearance for appellant.

Mr. John H. Conlin, Associate General Counsel, Federal Communications Commission, with whom Messrs. Henry Geller, General Counsel, and Joseph A. Marino, Counsel, Federal Communications Commission, were on the brief, for appellee. Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Mr. William P. Bernton, Washington, D.C., for intervenor.

BURGER, Circuit Judge:

Appellant is the licensee of radio station WHAM, broadcasting from Rochester, New York, on 1180 kc. It challenges orders of the Commission granting the application of Intervenor to operate on 1180 kc in Montana.

WHAM is a clear channel station. It was the only United States station authorized to operate at night on 1180 kc until 1961, when the Commission adopted its Clear Channel Report,[1] which was the end product of rule-making proceedings which extended over a 16-year period. In this Report, the Commission concluded that of the 25 clear channel frequencies 12 were to remain "clear" but that one additional, "secondary" station could be added on the other 13. Frequency 1180 is one of the 13 "broken down" clear channels.

In furtherance of national policy relating to a crisis in Cuban-American relations, the Voice of America in 1962 established a broadcast station on 1180 kc at Marathon Key, Florida. Although its signal is directed at Cuba and it suppresses its signal northward toward New York, the VOA station interferes with WHAM's signal; in addition the Cuban Government's effort to jam the VOA broadcasts provides other interference with WHAM's signal. The Commission has no jurisdiction to regulate the VOA facility, 47 U.S.C. § 305(a), but has made repeated requests to the Executive to examine the VOA operation. In 1966 the Commission granted the Intervenor's application to operate in Montana day and night on 1180 kc as a secondary station to the dominant WHAM. WHAM argues that the Commission failed to abide by its clear channel rules when it authorized additional broadcasting on 1180 kc. It contends that the rules provide for only *one other* station on 1180 besides WHAM, that the VOA facility is such a station broadcasting on 1180, and that therefore

I. 31 F.C.C. 565 (1961); see 47 C.F.R. §§ 73.21, 73.25, 73.182 (1967 ed.).

the Commission authorization of Intervenor's operation is invalid because it permits a third station on the frequency. The Commission ruled, in its opinion and order, that the interference from the VOA operation was irrelevant. The Commission argues here that the Marathon Key station is not a facility licensed by the Commission or subject to its jurisdiction. It is the Commission's position that the provision in its clear channel rules for one other station on 1180 meant one other station within the jurisdictional purview of the Commission.

On this record we cannot conclude that the Commission's interpretation of its rules is unreasonable or arbitrary. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945).

Affirmed.